UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WADE A. MITCHELL,

    Plaintiff,

  v.                                                 Case No. 24-CV-671-SCD

CAROLYN W. COLVIN,
  *Acting Commissioner of the Social Security Administration*,

    Defendant.

## ORDER

    In 2021, Wade Mitchell applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* After the Social Security Administration denied Mitchell's application, he filed this action seeking judicial review of the Commissioner's decision. The matter was reassigned to me after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 3, 6, 7.

    Proceeding pro se, Mitchell summarizes his symptoms and reiterates his inability to work, but he does not identify any incorrect legal standards or argue that the ALJ's decision relies on less than substantial evidence. *See* ECF Nos. 13, 23; *see also Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020) (A reviewing court will reverse the Commissioner's decision "only if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence.") (citing *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). The Commissioner interprets Mitchell's briefing as a request to reweigh the evidence, which is impermissible, or to award benefits outright. *See* ECF No. 21 at 2–3; *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) ("When reviewing the record, this court may not re-weigh the evidence or substitute

its judgment for that of the ALJ.") (citing *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). I agree with the Commissioner's position that Mitchell has not clearly demonstrated an entitlement to benefits. *See Martin*, 950 F.3d at 376 (awarding benefits where the "record can yield but one supportable conclusion") (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

Despite these qualifications, the Commissioner concedes that I should reverse the agency's decision and remand Mitchell's claim. *See* ECF No. 21 at 2. The Commissioner reports that the Appeals Council intends to direct the ALJ to obtain additional vocational evidence and consider whether a significant number of jobs exist in the national economy that Mitchell can perform, as well as offer Mitchell the opportunity for a hearing, take further action to complete the administrative record resolving the above issues, and issue a new decision. *Id.*

For all the foregoing reasons, the court **REVERSES** the final decision of the Commissioner of Social Security and **REMANDS** this cause to the Commissioner for further administrative proceedings pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The clerk of court shall enter judgment accordingly. Upon receipt of the court's order, the Appeals Council will proceed as relayed by the Commissioner.

**SO ORDERED** this 6th day of January, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge